# FRANK DOUGLAS
## v.
## LOREN A. DAVIES AND JAMES G. DWEN.

*Mechanic's Lien—Statute of Limitations—Lis Pendens.*

1. *Lis pendens* is general notice to all the world of the complainant's equities; but it presents no obstacle to the purchase by a defendant from a person not a party to the suit of a title superior to that of the complainant and the setting up of such title to defeat the complainant's equities.

2. A mechanic's lien can not be enforced against the purchaser at a sale under execution after six months from the date when the last payment for labor or materials became due.

3. When the period of limitation has once run against a mechanic's lien, the bar is perpetual.

[Opinion filed November 9, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. GYWNN GARNETT, Judge, presiding.

Messrs. WILLARD & DRIGGS and F. J. LOESCH, for appellant.

Douglas v. Davies.

Mr. Winfield S. Coy, for appellees.

Bailey, J.    On the 10th day of November, 1883, Frank Douglas contracted with Loren A. Davies to furnish and put up in the warehouse of the latter a certain steam engine and boiler for $900, of which $200 was to be paid in cash upon completion of the work, and for the residue said Davies was to give said Douglas his seven promissory notes for $100 each, maturing monthly thereafter.    No time for the completion of the work was specified in the contract, but it was in fact completed and accepted by Davies December 4, 1883, and the $200 was then paid, and the seven notes executed according to the contract.    The note maturing in January, 1884, was paid, but default being made in the payment of the residue of the notes, said Douglas, on the 27th day of December, 1884, filed his petition praying for a mechanic's lien on said premises, and making Davies and James H. Dwen parties defendant.    The only allegation in relation to Dwen was that he claimed some interest in said premises as purchaser, mortgagee, judgment creditor or otherwise, the precise nature of which was unknown, but that such interest, if any, was subject to the petitioner's lien.    Dwen, by his answer, which was not filed until October 5, 1886, claimed title in fee to said premises, and set up the limitation provided in section 28 of the statute in relation to mechanic's liens.

Dwen's title, as shown by the pleadings and proofs, was derived as follows:    On the 8th day of January, 1884, one James Darlow recovered a judgment by confession against said Davies in the Superior Court of Cook County for $1,051.75 and costs, and on the same day an execution was issued on said judgment to the Sheriff of Cook County, who levied said execution on the premises described in the petition, and sold the same February 25, 1884, for $1,094.98, said Darlow becoming the purchaser.    On the 28th day of December, 1885, Darlow assigned the certificate of said sale to Dwen, and said premises not being redeemed from said sale, the Sheriff, on the 12th day of January, 1886, executed a Sheriff's deed of said premises to Dwen.

The cause was subsequently heard on pleadings and proofs, and a decree rendered dismissing the petition for want of equity, at the costs of the petitioner.

Darlow, the judgment creditor, was not made a party to the petition. His judgment became a lien on the premises in question on the 8th day of January, 1884, and on the 7th day of July, following, the day on which the last payment for labor and materials became due and payable to the petitioner, said premises had been sold on execution and Darlow had become the purchaser and held the certificate of purchase. It thus became incumbent on the petitioner, in order to enforce his lien as against Darlow, to file his petition against him within six months from that date. Having failed to do so, and that period having expired, his right to relief, as against Darlow, became barred by the statute, and the period of limitation having thus once run, the bar became perpetual. Gardner v. Watson, 18 Ill. App. 386, 392; Watson v. Gardner, 119 Ill. 312. As a result of this bar Darrow's lien became superior to that of the petitioner, and by the expiration of the statutory period of redemption from the execution sale, and no redemption having been made, Darlow's lien matured into a right to a Sheriff's deed, conveying to him a complete title in fee. The petitioner's lien was thus cut off and wiped out, and could no longer be asserted as against Darlow or his assignee. By the assignment of the certificate of purchase to Dwen and the execution of the Sheriff's deed to him, Dwen became invested with a title in fee to the premises, free from the petitioner's lien.

It is, however, insisted by counsel for the petitioner that because Dwen was a party defendant to the petition he could not become an innocent purchaser of Darlow's title so as to be able to assert the same as against the petitioner. This conclusion is sought to be reached by some application of the doctrine of *lis pendens*. We are unable to see how that doctrine can apply. *Lis pendens* is general notice to all the world of the complainant's equities, so that a purchaser from the defendant takes the property purchased subject to such decree as the court may afterward render. But it presents no obstacle to the purchase

by a defendant, from a person not a party to the suit, of a title superior to that of the complainant, and of setting up such title to defeat the complainant's equities. True, Dwen must be deemed to have taken the assignment of the certificate of purchase from Darlow with notice of the petitioner's lien, but he took it also with notice that such lien was forever barred by the Statute of Limitation, and was no longer capable of being asserted as against the title of the holder of the certificate. There was no legal obstacle in the way of Dwen's purchasing and holding the certificate, and of asserting all the rights growing out of it, precisely as Darlow himself might have done.

Various other propositions are argued by counsel for the appellees in support of the decree of the court below, but as such decree is fully warranted by the principles above considered, we do not deem it necessary to pursue the discussion farther. The decree will be affirmed.

*Decree affirmed.*